\*106194 0982\*

**DISTRICT COURT**
**F I L E D**

**IN THE DISTRICT COURT IN AND FOR TULSA COUNTY**
**STATE OF OKLAHOMA**

JUL 1 0 2025

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

KATIE WRIGHT, an Individual,

    Plaintiff,

v.

**CJ-2025-03032**

SUSAN HARRIMAN a/k/a SUSIE
HOLDS a/k/a SUSAN HOLDSCLAW
a/k/a JEN SMITH a/k/a LIZ
CHARLESTON, an Individual,

    Defendant.

Case No.

**William D. LaFortune**

ATTORNEY LIEN CLAIMED

## PETITION

COMES NOW the Plaintiff, Katie Wright, by and through her attorneys of record, SMOLEN LAW | PLLC, and for her causes of action against the Defendant, Susan Harriman a/k/a Susie Holds a/k/a Susan Holdsclaw a/k/a Jen Smith a/k/a Liz Charleston, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Katie Wright (Ms. Wright) is a resident of Tulsa County, Oklahoma.

2.    Defendant Susan Harriman Susan Harriman a/k/a Susie Holds a/k/a Susan Holdsclaw a/k/a Jen Smith a/k/a Liz Charleston, (Defendant) is a resident of Tulsa County, Oklahoma.

3.    The acts, omissions, and injuries giving rise to this lawsuit occurred in Tulsa County, Oklahoma.

4.    This Court has jurisdiction, and venue is proper in Tulsa County, Oklahoma.

## STATEMENT OF FACTS

5.    Paragraphs 1-4 are incorporated herein by reference.

6.    During the spring and summer of 2023, Defendant employed Ms. Wright as her house manager and interior designer. In this role, Ms. Wright regularly worked in and around Defendant's residence and handled various personal and household matters on Defendant's behalf.

7.    Ms. Wright rendered services to Defendant throughout this period under a contractual agreement for compensation.

8.    On or about July 31, 2023, Defendant extended a new contractual offer to Ms. Wright, requesting that she travel to another of Defendant's properties in South Carolina to perform similar services. Ms. Wright accepted the offer; however Defendant never performed.

9.    On or about August 8, 2023, Defendant falsely accused Ms. Wright of stealing labor and abruptly cut off communication with her, despite Ms. Wright's repeated efforts to resolve the matter and return any of Defendant's property that remained in her possession.

10.    Beginning in August 2023, Defendant knowingly and falsely reported to law enforcement that Ms. Wright had committed the crimes of larceny and assault with a deadly weapon, specifically alleging that Ms. Wright had stolen items from her residence and attempted to strike her with an automobile.

11.    At the time Defendant made this report, she lacked probable cause for the report. She knew or recklessly disregarded the fact that Ms. Wright had committed no crime and that no incident involving a vehicle or theft had occurred.

12. As a result of Defendant's false report, Ms. Wright was arrested and formally charged with the alleged crimes by the Tulsa County District Attorney's Office.

13. On or about March 3, 2025, the Tulsa County District Attorney dismissed all charges against Ms. Wright upon review of the evidence, which did not support any of Defendant's accusations.

14. In addition to the false report to law enforcement, Defendant made multiple false and defamatory statements to third parties, including, but not limited to, mutual acquaintances and members of the community, alleging that Ms. Wright had stolen from Defendant and broken into her home.

15. Upon information and belief that will be confirmed through discovery, Defendant created and operated multiple social media profiles, including on platforms such as Facebook, under the names "Jen Smith" and "Liz Charleston," on social media platforms including Facebook.

16. Using these fabricated identities, Defendant sent messages to Ms. Wright's friends, acquaintances, colleagues, and business contacts falsely accusing Ms. Wright of being a thief and a violent person.

17. These messages exaggerated or fabricated events to paint Ms. Wright as unstable, dishonest, and dangerous.

18. Defendant knew these statements were false and made them with the specific intent of destroying Ms. Wright's reputation and preventing her from obtaining future employment or design contracts.

19. Defendant's conduct was not isolated but ongoing and continuing, reflecting a deliberate, malicious campaign designed to retaliate against Ms. Wright after

their employment relationship ended and to injure her livelihood and standing in the community.

20.    Ms. Wright's reputation, livelihood and standing in the community were damaged by Defendant's false accusations.

21.    As a result of Defendant's actions alleged herein, Ms. Wright has been denied benefits due and owing to her, suffered the loss of future business, mental and emotional distress, and damage to her reputation.

## CAUSES OF ACTION

### I.    MALICIOUS PROSECUTION

22.    Paragraphs 1-21 are incorporated by reference.

23.    Defendant initiated or instigated a criminal proceeding against Ms. Wright by knowingly making false allegations to law enforcement, which led to Ms. Wright's arrest and formal criminal charges.

24.    When Defendant made these allegations, she lacked probable cause to believe Ms. Wright had committed any crime.

25.    Defendant's accusations were knowingly false and/or made with reckless disregard for the truth.

26.    Defendant's actions were motivated by malice, intended to injure, embarrass, and/or retaliate against Ms. Wright rather than to seek legitimate justice.

27.    Defendant lacked probable cause to institute the action against Ms. Wright.

28.    The criminal proceeding against Ms. Wright was ultimately dismissed in its entirety, constituting a bona fide termination in Ms. Wright's favor.

29.    As a direct and proximate result of Defendant's actions and/or omissions,

Ms. Wright has suffered financial hardship, mental and emotional distress, anxiety, embarrassment, and injury to reputation in excess of $75,000.00.

## II.     DEFAMATION – LIBEL AND/OR SLANDER

30.     Paragraphs 1-29 are incorporated by reference.

31.     Defendant made false oral and written statements to third parties, including individuals in the community, asserting that Ms. Wright had stolen from her and broken into her home.

32.     These statements imputed criminal behavior to Ms. Wright and were defamatory per se under Oklahoma law.

33.     These statements were false, defamatory per se, and made maliciously, with the intent to harm Ms. Wright's reputation and professional credibility.

34.     Defendant made these statements without privilege and with actual malice and/or reckless disregard for their veracity.

35.     As a direct result of Defendant's actions and/or omissions, Ms. Wright has suffered financial hardship, mental and emotional distress, anxiety, embarrassment, and injury to reputation in excess of $75,000.00.

## III.     BREACH OF CONTRACT

36.     Paragraphs 1-35 are incorporated by reference.

37.     Plaintiff entered into a contract with Defendant under which Ms. Wright would provide services as a house manager and interior designer, and Defendant would provide compensation.

38.     Ms. Wright performed her obligations under the agreement or was prevented from doing so by Defendant's conduct.

39.     To date, Defendant has refused to compensate Ms. Wright for her agreed to services Ms. Wright provided.

40.     The actions of Defendant constitute a breach of contract by interfering with Ms. Wright's ability to complete the agreed-upon services and by failing to pay Ms. Wright for services already performed.

41.     As a direct and proximate result of Defendant's actions and/or omissions, Ms. Wright has suffered financial hardship, mental and emotional distress, anxiety, embarrassment, and injury to reputation in excess of $75,000.00.

## IV.     TORTIOUS INTERFERENCE

42.     Paragraphs 1-41 are incorporated by reference.

43.     Ms. Wright maintained valid and ongoing contracts, business relationships, and/or the expectancy of economic advantage with clients who retained her for interior design services.

44.     Defendant, knowing of these relationships, intentionally and maliciously made false and defamatory statements about Ms. Wright to Ms. Wright's clients and professional contacts.

45.     Defendant was not a party to those contracts or business relationships.

46.     With knowledge of Ms. Wright's contracts and/or business relationships, Defendant intentionally and maliciously made false statements to those clients and third parties, constituting malicious and wrongful interference without privilege, justification, or excuse.

47.     As a direct and proximate result of Defendant's actions and/or omissions, Ms. Wright has suffered financial hardship, mental and emotional distress, anxiety,

embarrassment, and injury to reputation in excess of $75,000.00.

### V.    UNJUST ENRICHMENT

48.    Paragraphs 1-47 are incorporated herein by reference.

49.    Ms. Wright provided valuable services, from which Defendant directly benefited.

50.    At all times, Ms. Wright performed these services with the expectation of compensation. Defendant knowingly accepted and retained the benefits of Ms. Wright's labor, skill, and materials without full payment or restitution.

51.    No adequate legal remedy exists under contract law to fully address the extent of the benefit Defendant retained without payment, particularly in light of Defendant's wrongful conduct that disrupted or destroyed the contractual relationship.

52.    It would be inequitable for Defendant to retain the benefit of Ms. Wright's services and contributions without compensating Ms. Wright in a manner consistent with equity and good conscience.

53.    Defendant has been unjustly enriched at the Plaintiff's expense.

54.    As a direct and proximate result of Defendant's actions and/or omissions, Ms. Wright has suffered financial hardship, mental and emotional distress, anxiety, embarrassment, and injury to reputation in excess of $75,000.00.

### VI.    TORTIOUS BLACKLISTING

55.    Paragraphs 1-54 are incorporated herein by reference.

56.    Defendant, Ms. Wright's former employer, engaged in blacklisting as defined by 40 O.S. §§ 172–173.

57.    Following the termination of Ms. Wright's employment, Defendant knowingly and intentionally published false and malicious statements about Ms. Wright to third parties, including actual and prospective clients and business associates.

58.    Defendant published these communications with the intent and purpose of interfering with Ms. Wright's ability to secure similar or other employment or to enter into contractual relationships with other individuals, companies, or organizations.

59.    The essence of Defendant's conduct was to mark Ms. Wright for avoidance, exclusion, and adverse discrimination in her profession.

60.    As a direct and proximate result of Defendant's actions and/or omissions, Ms. Wright has suffered financial hardship, mental and emotional distress, anxiety, embarrassment, and injury to reputation in excess of $75,000.00.

## VII.    FRAUD

61.    Paragraphs 1-60 are incorporated herein by reference.

62.    Defendant made material misrepresentations and or omissions to Ms. Wright including, but not limited to:

   a.    Falsely promising Ms. Wright continued employment and compensation;

   b.    Assuring Ms. Wright that her services and work product would be honored and paid for in full; and

   c.    Concealing her intent to fabricate allegations against Ms. Wright to avoid contractual payment and to sabotage her professional relationships.

63.    These representations and/or omissions were knowingly false at the time they were made or were made with reckless disregard for the truth.

64.    Defendant made these false representations with the intent to deceive Ms.

Wright and to induce her to continue performing services, refrain from seeking other opportunities, and remain in Defendant's employment or service under false pretenses.

65.    Ms. Wright, in reasonable reliance on these representations, continued to perform services for Defendant and forewent other income-generating opportunities and professional relationships.

66.    As a direct and proximate result of Defendant's actions and/or omissions, Ms. Wright has suffered financial hardship, mental and emotional distress, anxiety, embarrassment, and injury to reputation in excess of $75,000.00.

## VIII.    PUNITIVE DAMAGES

67.    Paragraphs 1-66 are incorporated herein by reference.

68.    The intentional, wanton, and reckless conduct of Defendant in disregard of Ms. Wright, and the community at large, was conducted with full knowledge, in that Defendant knew, or should have known, of the severe adverse consequences of her actions and/or omissions.

69.    Defendant's actions and/or omissions constituted reckless disregard for the rights of Ms. Wright.

70.    Defendant's actions and/or omissions were wrongful, culpable, and so egregious that punitive damages in a sum that exceeds $75,000.00 should be awarded against Defendant to set an example to others similarly situated that such inexcusable conduct will not be tolerated in our community.

**WHEREFORE**, Plaintiff prays this Court enter judgment against Defendant and grant her the relief sought, including actual damages in excess of $75,000.00, punitive

damages in excess of $75,000.00, costs, pre-judgment interest, attorneys' fees, post-judgment interest and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN | LAW, PLLC

Donald E. Smolen, II, OBA #19944
Dustin J. Vanderhoof, OBA #21388
611 S. Detroit Ave.
Tulsa, OK 74105
P: (918) 777-4LAW (4529)
F: (918) 890-4529
don@smolen.law
dustin@smolen.law
*Attorneys for Plaintiff*